# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES LOREN FOSTER,** | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 12-CV-4038-VEH |
| | ) |
| **CAROLYN W. COLVIN, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
| Defendant. | |

## **MEMORANDUM OPINION**[1]

### INTRODUCTION

Plaintiff James Loren Foster brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on September 16, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

Security Income ("SSI").[2] Mr. Foster timely pursued and exhausted his administrative remedies available before the Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g).[3] For the following reasons, the court will **REVERSE** the Commissioner's decision and **REMAND** it for further consideration in accordance with this opinion.

## STATEMENT OF THE CASE

Mr. Foster was 51 years old at the time of his hearing before the Administrative Law Judge ("ALJ"). Tr. 137. He has a marginal education,[4] and his past work experience includes employment as a pest control worker. Tr. 182, 100, 178. He claims he became disabled on May, 15, 2009,[5] due to breathing problems, back problems, chronic obstructive pulmonary disease, bulging discs, and degenerative disc disease. Tr. 177. His last period of work ended on or around March 15, 2006. *Id.*

On February 3, 2009, Mr. Foster protectively filed a Title II application for a

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

[3] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

[4] "6th grade level or less is a marginal education." 20 C.F.R. § 404.1564(b)(2).

[5] Although he originally claimed an earlier onset date, he amended it to May 15, 2009, at his hearing. Tr. 98.

period of disability and DIB. Tr. 10. He also protectively filed a Title XVI application for SSI on that date. *Id.* On April 23, 2009, the Commissioner initially denied these claims. *Id.* Mr. Foster timely filed a written request for a hearing on May 25, 2009. *Id.* The ALJ conducted a hearing on the matter on December 17, 2010. *Id.* On March 25, 2011, he issued his opinion concluding Mr. Foster was not disabled and denying him benefits. Tr. 18. Mr. Foster timely petitioned the Appeals Council to review the decision on May 18, 2011. Tr. 132. On October 15, 2012, the Appeals Council issued a denial of review on his claim. Tr. 1.

Mr. Foster filed a Complaint with this court on December 6, 2012, seeking review of the Commissioner's determination. Doc. 1. The Commissioner answered on March 6, 2013. Doc. 6. Mr. Foster filed a supporting brief on April 19, 2013, doc. 8, and the Commissioner responded on May 20. Doc. 9. On June 2, 2013, Mr. Foster replied. Doc. 10.

### STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine

if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[6] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable

---

[6]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

### ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

1. Mr. Foster met the insured status requirements of the Social Security Act through December 31, 2011.

2. He had not engaged in substantial gainful activity since May 5, 2009, the alleged disability onset date.

3. He had the following severe impairments: chronic obstructive pulmonary disease and degenerative disc disease.

4. He did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. He had the residual functioning capacity ("RFC") to perform a range of light work. He was further limited to never climbing ropes, ladders, or scaffolds and occasionally climbing ramps, climbing stairs, and crawling. All other postural activities were limited to frequent. He should avoid concentrated exposure to extreme cold, extreme heat, humidity, vibrations, and fumes (such as odors, dusts, gases, and poorly ventilated areas). He should avoid all exposure to hazards, such as unprotected heights.

6. He was unable to perform any past relevant work.

7. He was born on [date redacted by court], 1959, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. He subsequently changed age category to closely approaching advanced age.

8. He had a marginal education and was able to communicate in English.

9. Transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that he was "not disabled," whether or not he had transferable job skills.

10. Considering his age, education, work experience, and residual functioning capacity, there were jobs that existed in significant numbers in the national economy that he could perform.

11. He had not been under a disability, as defined in the Social Security Act, from January 17, 2006, through the date of this decision.

Tr. 12-18.

## DISCUSSION

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980)).[7] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mr. Foster urges this court to reverse the Commissioner's decision to deny him benefits on several grounds. These include the significant weight the ALJ gave to the non-examining physician's opinion and the ALJ's decision to discredit Mr. Foster's credibility. Mr. Foster also notes, however, that he submitted new, clinical evidence to the Appeals Council ("AC") revealing arthritis in his knee. He complains that the Appeals Council ratified the ALJ's decision without adequately evaluating this evidence. The court agrees with Mr. Foster's last argument and accordingly will remand this case.

## I.     The Appeals Council Inadequately Reviewed Mr. Foster's New Evidence.

After the ALJ's decision, Mr. Foster submitted new evidence to the AC regarding his disability. In his brief, he elaborated:

> [A]fter the ALJ decision, the Appeals Council was provided with evidence regarding the Plaintiff's knee problems. The examination on June 30, 2011 found, "Both Knees: Pain with ROM exam." The diagnosis was "Pain both knees – arthritis." On November 29, 2011, the examination shows that "Both knees: Pain with ROM exam." The Appeals Council instead of treating the knee condition as a severe impairment and reversing the decision of the ALJ made the ALJ's decision the final decision of the Commissioner. Therefore both the ALJ and the Appeals Council failed to consider the Plaintiff's medical

---

[7]*Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

> condition as a whole as required by *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

Doc. 8 at 9-10 (internal record citations omitted).

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The AC has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the AC must consider evidence that is (1) new (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). It is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b). If these conditions are satisfied, the AC must then review the case to see whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

In reviewing Mr. Foster's submitted evidence, this court must first therefore determine whether the evidence is new, material, and chronologically relevant. *Ingram*, 496 F.3d at 1261. The evidence consists of medical records dated between January 28, 2011, through November 29, 2011, from Mr. Foster's appointments with

physicians at Central North Alabama Health Services. Tr. 319-329. These records are "new" in that they are not cumulative to any evidence before the ALJ. *See Caulder v. Brown*, 791 F.2d 872, 877 (11th Cir. 1986) (holding that "new objective medical evidence" presented first to the AC was not cumulative to the evidence proffered to the ALJ that concerned the same underlying ailment). As Mr. Foster notes in his brief, his former treating physicians had recorded evidence of his knee pain. Doc. 8 at 9. Dr. John Lary, M.D., noted that Mr. Foster suffered from "knee arthralgia,[8] with preserved range of motion" – an observation that the ALJ in turn noted in his opinion. Tr. 282, 13. And Dr. Robert L. Hash II, M.D., stated in his records that Mr. Foster had a history of bilateral anterior knee pain. Tr. 230. However, Mr. Foster submitted the Central North Alabama Health Services reports because they ostensibly revealed a new – and formal – diagnosis of knee arthritis. Tr. 326. Such a diagnosis distinguishes itself from mere knee pain. *See Dorland's Illustrated Medical Dictionary* p. 150 (32nd Ed. 2012) (defining "arthritis" – separately from arthralgia – as "inflammation of a joint").

This evidence is also material because a finding that he had a "severe" impairment of knee arthritis could very well affect the Commissioner's determination

---

[8]"The medical term 'anthralgia' is defined as 'pain in joint.' Doc. 8 at 9 (quoting *Dorland's Illustrated Medical Dictionary* p. 149 (30th Ed. 2003)).

regarding his functioning capacity. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) ("An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."). And the evidence is chronologically relevant because it concerns reports made within the window of his alleged disability. That is, the reports are all dated between January 28, 2011, and November 29, 2011 – within the time period between Mr. Foster's alleged onset date of May 15, 2009, and December 31, 2011, when he was last insured under the Social Security Act. *See* Tr. 12. True, some of the reports are dated after the ALJ's decision. *See* Tr. 18. But, that does not make them chronologically irrelevant. *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("[A] treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date.") (citations omitted), *superseded in part on other grounds by* 42 U.S.C. § 423(d)(5). A diagnosis that Mr. Foster had knee arthritis shortly after the determination date could still bear on his condition during the relevant period between May 15, 2009, and March 25, 2011.

The AC did not adequately review this new evidence. In fact, it did nothing more than acknowledge that Mr. Foster had attached it to his application for review and that it would be incorporated into the record. Tr. 5. This is reversible error. When

a claimant properly presents new evidence – and the AC denies review – the AC must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). If the AC merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence. *Id.* ("*This failure alone* makes us unable to hold that the Secretary's findings are supported by substantial evidence . . .") (emphasis added). In such cases, the court *must* remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.* (citation omitted); *accord Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984) (holding that AC perfunctorily adhered to the ALJ's decision and that it had previously "been unable to hold the Secretary's findings were supported by substantial evidence under circumstances such as these") (citing *Epps*, 624 F.2d at 1273); *Ingram*, 496 F.3d at 1263 (quoting *Bowen* to the same effect).

In this case, the AC plainly failed to review Mr. Foster's new evidence adequately. It described its treatment of his evidence in the following way:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found this information does not provide a basis for changing the Administrative Law Judge's decision.

Tr. 1-2. This review is purely conclusory, and it epitomizes "perfunctory adherence" to the ALJ's decision. *Epps* and its progeny thus dictate remanding the case. *See*

*Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (unpublished) (holding, under *Epps*, that AC inadequately evaluated new evidence presented by claimant); *but see Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (unpublished) (holding that *Ingram* removes requirement that AC provide a thorough explanation of its denial of review).[9]

In this case, the court is bound by the clear holding of *Epps*, *Bowen*, and *Ingram*, which has not been overruled, abrogated, or otherwise undermined by any published decision issued by the Eleventh Circuit.[10,11] For this reason, the court must

---

[9]In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2. Indeed, under the well-established "prior panel precedent rule" of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, and it binds all subsequent panels unless and until the first panel's holding is overruled by the court sitting en banc or by the Supreme Court. *E.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991)).

[10]This decision accords with that reached recently by a court in the Middle District of Florida. *Freudenvoll v. Comm'r of Soc. Sec.*, No. 6:12-cv-467-Orl-22GJK, 2013 WL 388683 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted by* 2013 WL 394012 (M.D. Fla. Jan. 31, 2013). In *Freudenvoll*, the court detailed the judicial and administrative background behind the dispute over the scope of review demanded of the Appeal Council when claimants properly submit new evidence before it. *Id.* at *9-12. As it notes, in 1995, the Commissioner issued a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific response to contentions in denial notices." *Id.* at *10 (citing HALLEX § 1-3-5-90, 2001 WL 34096367). This "temporary" suspension is still in effect. *Id.* However, the undersigned agrees with the *Freudenvoll* court that district courts in the Eleventh Circuit are still bound by the precedent announced in *Epps* and reiterated in *Bowen* and *Ingram*. *Id.* at *11-12.

[11]Although the Commissioner does not make this argument here, the 1995 amendment to the Hearings, Appeals, and Litigation Law Manual ("Manual") cited in the last footnote does not "carry the force and effect of law." *Freudenvoll*, 2013 WL 388683, at *11 n.18 (citing *Moore v.*

reverse and remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Epps*, 624 F.2d at 1273.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, court will reverse and remand the decision by separate order.

**DONE** and **ORDERED** this the 28th day of March, 2014.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

*Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (holding that the Manual "is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members [and] it does not prescribe substantive rules and therefore does not carry the force and effect of law.")). It thus could not have superseded the binding precedent issued in *Epps*. *Id.* Moreover, as the *Freudenvoll* court noted, the 1995 memorandum did not strictly permit perfunctory adherence to the ALJ's decision without any discussion of the new evidence whatsoever. *Id.* It merely released the Appeals Council from having to review the evidence in detail. *Id.*