FILED

2016 May-31  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES LOREN FOSTER, | ) |
| | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **Case No.: 12-CV-4038-VEH** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner, United States Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

---

## MEMORANDUM OPINION AND ORDER

Kenneth D. Hampton, attorney for Plaintiff James Loren Foster, has moved for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $8,500.47. He has reached this figure by subtracting $6,000, the amount that the Commissioner granted for administrative fees, from $14,500.47, which was 25% of the claimant's past benefits. The Commissioner does not oppose the motion. The court has undertaken its duty to independently consider whether the proposed fee award is reasonable and concludes that it is. The motion is due to be **GRANTED**.

Subparagraph 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a [represented] claimant . . . the court may determine and allow . . . a

reasonable [attorney's fee], not in excess of 25 percent of the total of the past-due benefits." Where the claimant and his attorney have executed a contingent-fee agreement, the Supreme Court has interpreted subsection 406(b) as requiring district courts to conduct a two-step analysis. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). First comes the simple step of calculating whether the requested award falls "within the 25 percent limit." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). If so, the agreement is presumptively reasonable. In step two, the court is required to consider whether "the fee sought is [actually] reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, and, if not, the presumption is overcome. Where the presumption is overcome, the court may award a fee that is reasonable in its judgment. *See id.*

This standard is skeletal, *see id.* at 809 (Scalia, J., dissenting), but the courts of appeals have put some meat on *Gisbrecht's* bones.[1] The lodestar figure, while not dispositive, may be compared against the contingent fee award. *Id.* at 808. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of

---

[1] Given the year in which *Gisbrecht* was decided (2002), it may be more temporally accurate to say that the Supreme Court stripped the flesh from the standards set forth by the courts of appeals. Either way, *Gisbrecht* only really purported to resolve a circuit split over whether contingency agreements or the lodestar were the appropriate means of determining attorney's fees under the Social Security Act.

2

time the attorney spent on the case." *Jackson,* 601 F.3d at 1271 (citation omitted). Substandard representation, among other things, includes a complaint "submitted on boilerplate pleadings," where "no issues of material fact are present," and where "no legal research is apparent." *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

The reasonable fee reflects an enhancement, compared to the market rate for similar work, based on the risk of non-payment, because "payment for an attorney in a social security case is inevitably uncertain." *Wells v. Sullivan*, 907 F.2d 367, 370–71 (2d Cir. 1990). On the other hand, the quality of counsel and hours expended are weak factors for assessing an award's reasonableness; they "bear little if any relationship to the results [*i.e.*, award amount] achieved." *Rodriquez*, 865 F.2d at 747. But the award must not be so disproportionate to the work performed that it gives the perception that counsel has won the Social Security lottery. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (prohibiting a "windfall"); *cf. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) (fee shifting statutes do not exist to enrich counsel)*; BMW of North America, Inc. v. Gore*, 646 So. 2d 619, 631 (Ala. 1994) (Houston, J., concurring specially), *rev'd on other grounds*, 517 U.S. 559 (warning of the perception of the right to trial by jury as "Alabama's lottery").

Certain policy considerations should also inform the court's judgment. Section 406 was enacted "to encourage effective legal representation of claimants by insuring

lawyers that they will receive reasonable fees." *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970).[2] Contingent fees, in particular, "provide[] a critical incentive for able attorneys to practice in the social security field." *Wells*, 907 F.2d at 371. At the same time, the court's review is the only bulwark for impecunious and disabled claimants, *see Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006), against the gutting of their statutory entitlement by the "specialized Social-Security bar [that] charges uniform contingent fees (the statutory maximum of 25%), which are presumably presented . . . on a take-it-or-leave-it-basis." *Gisbrecht*, 535 U.S. at 812 (Scalia, J., dissenting).

Applying the foregoing principles here, the court finds a valid contingent fee agreement set at or below the statutory maximum contingency. (*See* doc. 13-1 at 12). Proceeding to step two, Hampton recorded his hours as follows:

| Date | Activity | Time |
|------|----------|------|
| 5/20/09 | Initial Interview with Client, Initial file opening letter to client | 0[3] |
| 11/25/12 | Received decision from the Appeals Council that affirms decision of ALJ. Drafted Summons, Complaint, SSAN letter, and civil cover sheet. | 1.3 |

---

[2] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding on all federal courts in the Eleventh Circuit).

[3] This was included in the administrative fee petition request

| 12/6/12 | Filed the Summons and Complaint with the Clerk of Court in Hunstville. Filing fee was $350.00. Service Mailed. Letter to the Client with a copy of the Summons, Complaint, and Civil Cover sheet and explaining the appeal process from this point forward. | .5 |
|---|---|---|
| 3/6/13 | Received the Answer, Transcript, and Briefing Letter Electronically. Downloaded the documents and reviewed the answer and briefing letter. | .9 |
| 4/13/13 | In depth review of the file | 6 |
| 4/14–15/13 | Partial drafting of the Plaintiff's brief | 10 |
| 4/19/13 | Completed drafting the plaintiff's Brief. Converted brief to a PDF format and electronically filed the Brief with the Court. Letter to the client with a copy of the Brief and explaining the remainder of the Briefing Schedule. Converted Brief to WordPerfect format. Email to Judge Hopkins Chambers with a copy of the WordPerfect format Brief. | 4.6 |
| 6/1/13 | Reviewed the Commissioner's Brief. Drafted the Plaintiff's Reply Memorandum | 5 |
| 6/2/13 | Converted the Plaintiff's Reply brief to both PDF and WordPerfect Formats. Electronically filed the PDF version with the Court using the ECF systems. E-mail to Judge Hopkins Chambers with the WordPerfect version. Letter to the Client with a copy of the Reply Brief and explaining that the briefing is concluded and that the case is submitted to Judge Hopkins for decision. | 1.3 |
| 9/24/13 | Explained to the client that I do not know when the Judge will make a decision, but I do not expect it at least until November, 2013. | .3 |
| 2/17/14 | Client called and I explained that we do not have a decision issued as of today, but that I expect a decision to be issued at anytime since the last brief was filed in June, 2013. | .3 |
| 3/28/14 | Received a decision from the United States District Court that reverses the original decision and sends it back for a new hearing on the new evidence submitted to the Appeals Council. The decision Grants an Extension to file a Fee Petition until after the approval of any administrative fee. Letter to the client with a copy of the Final Order and Memorandum Opinion and requesting that he advise us of any new or additional medical treatment. | .7 |
| 2/16/16 | Received an authorization to Charge $6000.00 for the work at the Administrative Level. | .1 |

| | TOTAL | 31.0 |
|---|---|---|

Thirty-one hours to complete a social security appeal is a reasonable number, especially where, as here, the plaintiff filed a reply brief. As for the lodestar, $8500.47 divided over 31 hours comes out to about $275 per hour. Although the court is of the opinion that $250 per hour is a more accurate reflection of the market rate in this district for this kind of work, the required enhancement for the uncertainty of recovery makes $275 per hour well within the realm of reasonableness. Additionally, the plaintiff's filings were above average quality compared to the social security filings in this district.

Accordingly, the motion is **GRANTED**. It is **ORDERED** that attorney's fees in the amount of $8500.47 be awarded to Kenneth D. Hampton.

**DONE** this 31st day of May, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge